IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-184-FL

| | | |
|---|---|---|
| JAMES McKINLEY JOHNSTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CAROLYN PATTERSON, USDA, | ) ) ) | |
| Defendant. | ) ) | |

This case is plaintiff's fourth lawsuit before this court. All previous cases (No. 4:10-CV-116-D, No. 4:10-CV-139-FL, and No. 4:10-CV-176-FL) involved the same factual allegations and were dismissed by the court on frivolity review for lack of subject matter jurisdiction. This matter is now before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), who recommends that the court dismiss this latest *in forma pauperis* complaint of plaintiff, under 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction. Plaintiff timely filed objection. Plaintiff filed additional letter with the court on May 9, 2012, inquiring of the status of his case, which the court construes as supplement to his objection.

Upon *de novo* review, the court agrees with the magistrate judge that this action must be dismissed for lack of subject matter jurisdiction. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (noting that questions of subject matter jurisdiction should be raised by the court sua sponte). The magistrate judge noted that plaintiff's complaint raises claims that are essentially identical to those he sought to bring in a prior case, James M. Johnston v. Carolyn Patterson: USDA and Shawn Spears - S and J of Raleigh, No. 4:10-CV-176-FL. In that case, the

court adopted the recommendation of the magistrate judge, which as here, recommended dismissal for lack of subject matter jurisdiction due to plaintiff's failure to exhaust his administrative remedies with the United States Department of Agriculture ("USDA"). Where plaintiff has raised the same claims, and offered no evidence or argument in support of this court's subject matter jurisdiction, the court reaches the same conclusion as it did in the prior case. See 7 U.S.C. § 6912(e); Gold Dollar Warehouse, Inc. v. Glickman, 211 F.3d 93, 98 (4th Cir. 2000) (holding that § 6912(e) is a jurisdictional requirement).

As noted, plaintiff's objection to the M&R does not demonstrate that he has exhausted his administrative remedies and that subject matter jurisdiction exists in this court. Plaintiff lodges further claims in his objection, specifically that fraud and conspiracy to commit fraud have occurred, but no argument as to the exhaustion of administrative remedies presents itself.[1]

Accordingly, upon *de novo* review of the M&R, the court ADOPTS as its own the recommendation of the magistrate judge and DISMISSES this action for lack of subject matter jurisdiction. In light of the successive, identical petitions plaintiff has brought before this court, all dismissed for the same reasons, plaintiff is cautioned that further suits involving the exact same claims may be subject to pre-filing injunction.

SO ORDERED, this the ___ day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[1] In plaintiff's supplement to his objections he again references two videos he uploaded to YouTube, a video-sharing website, in which he suggests that he tried to deal with this matter with the USDA "from Halifax, North Carolina, to Washington, D.C." The court has previously considered these exhibits and has again reviewed the same. The online videos offer no further documentation of any attempt to properly exhaust administrative remedies or intent to do so in the future. The court again reminds that compliance with a jurisdictional requirement must be pleaded in a plaintiff's complaint. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005) (citation omitted). Plaintiff's supplement also included copy of what appears to be a letter from defendant, yet the letter likewise does not demonstrate that plaintiff has exhausted his administrative remedies.